## SARAH ANN MAJORS vs. ALBERT MAJORS.

### April Term, 1873.

DIVORCE—ABANDONMENT.—A charge of "wilful and malicious abandonment" for more than two years, is not sustained by proof that the defendant did not seem to like complainant as much as he ought, and had left her for the period mentioned.

DIVORCE—NON-RESIDENT DEFENDANT.—Where the jurisdiction of the court depends upon the fact of the non-residence of the defendant within the state, the fact must be clearly established by the evidence.

*Brien*, for complainant.

THE CHANCELLOR:—This is a bill filed against the defendant as a non-resident of the state, for a divorce from the bonds of matrimony, on the ground of "wilful and malicious abandonment" for more than two years. The bill alleges that the parties were married in the month of November, 1865, in Wilson county in this state, and continued to live together for four years, "during which period their married life, if not altogether pleasant, was at least not disturbed by dissensions and quarrels between them." That sometime in the early part of the year 1869, the defendant "wilfully and maliciously abandoned" the complainant, since which time she has not heard from him except that she learned a month after his abandonment, that he had left the state.

Only two witnesses were introduced. One of these, a woman, states that the parties were married in Wilson county, and lived together four or five years; that about three years ago the defendant brought complainant to her house in Wilson county and left her there; that he visited her some few times afterwards, but never staid with her all night; that he then went to East Tennessee, and wrote back a time or two, and has not been heard of since. The other witness only testified to the fact of the parties having lived

together, and that the defendant had gone to East Tennessee. Neither of the witnesses undertakes to assign any reason for the separation of the defendant from his wife, or to state that there was any malice or ill-will on the part of the husband to his wife. The most that either witness could say was that he did not seem to like her as he ought. It is scarcely necessary to say that this is wholly insufficient proof to justify a divorce upon the ground assumed in the bill. The " wilful or malicious desertion," which will, under the Code, section 2448, subsec. 4, authorize a divorce from the bonds of matrimony, must, it has been decided by the supreme court, be not only without any reasonable cause, but for cause of malice, and the malice contemplated by the statute is not malice in law, but malice in fact. There must be enmity of heart, or unprovoked malignity toward the person deserted. If the party goes away and remains, even without good and sufficient cause, but not of malice, the divorce *a vinculo* cannot be obtained. *Stewart* v. *Stewart*, 2 Swan, 591; *Rutledge* v. *Rutledge*, 5 Sneed, 254.

I think, too, that the non-residence of the defendant, has not been made satisfactorily to appear. He went from Wilson county to East Tennessee, and when last heard from was still in that section of the state. One of the witnesses did say the defendant was a non-resident of the state, but it was manifestly, from the connection in which it was said, under an impression that being in East Tennessee constituted non-residency, a result which has sometimes been talked about rather freely but not yet consummated. If the defendant is still a resident of the state, this court would have no jurisdiction. The bill ought to have been filed in the county of the defendant's residence under the Code, § 2451, or in Wilson county, where the separation took place, under § 2451, *a*, the act of 1859, ch. 88, § 1.

Let the bill be dismissed with costs.